UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.: 10-23429 (AMN) |
|    ALYSSA S. PETERSON, | : | Chapter 13 |
|    *Debtor* | : | |
| | : | |
| | : | |
|    ALYSSA S. PETERSON, | : | Adv. Pro. No. 15-2007 (AMN) |
|    *Plaintiff* | : | |
| v. | : | |
| LAURELHART CONDOMINIUM | : | |
| ASSOC., INC. | : | |
|    *Defendant* | : | Re: ECF Nos. 58, 72 |

## APPEARANCES

| | |
|---|---|
| Alyssa Peterson | *Pro Se* Plaintiff |
| 297 Grandview Terrace, | |
| Hartford, CT 06114 | |
| | |
| Douglas J. Varga, Esq. | Counsel for Defendant, |
| Lucas & Varga, LLC | Laurelhart Condominium |
| 2425 Post Road, Suite 200 | Association, Inc. |
| Southport, CT 06890 | |
| | |
| Gregory F. Arcaro | Counsel for Defendant, |
| Grafstein & Arcaro, LLC | Laurelhart Condominium |
| 10 Melrose Drive, | Association, Inc. |
| Farmington, CT 06032 | |

## <u>MEMORANDUM OF DECISION AND ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT LAURELHART CONDOMINIUM ASSOCIATION, INC.</u>

Before the court is the motion (the "Motion") filed by the defendant, Laurelhart Condominium Association, Inc. ("Laurelhart") seeking summary judgment as to Counts Three and Four of the amended complaint filed by the *pro se* plaintiff, Alyssa Peterson

1

("Ms. Peterson").[1] AP-ECF No. 58.[2] For the reasons that follow, summary judgment shall enter for Laurelhart as to Counts Three and Four.

## I.  RELEVANT PROCEDURAL HISTORY

Familiarity with the parties' long and contentious history is assumed as set forth in the court's Ruling and Order After Evidentiary Hearing on Motion For Relief From Stay (the "2018 Relief Ruling") entered on March 2, 2018 in Ms. Peterson's main Chapter 13 case.  *See* ECF No. 577.  From the long history, the following is particularly relevant for the consideration of Laurelhart's Motion.

### *PRE-PETITION BACKGROUND*

Ms. Peterson owns two condominium units referred to throughout this case as Unit B-3 and Unit G-7, located within the Laurelhart condominiums at 232 Farmington Avenue in Hartford, Connecticut.  Prior to the filing of this Chapter 13 case, Laurelhart commenced two foreclosure actions against Ms. Peterson for alleged default in payment of common charges and late fees for Units B-3 and G-7.  *See Laurelhart Condominium Association, Inc. v. Alyssa Peterson*, Docket Nos.  HHD-CV09-5031917-S and HHD-CV09-5031918-S ("State Court Foreclosures").

### *CHAPTER 13 BANKRUPTCY CASE*

On October 5, 2010, Ms. Peterson, proceeding *pro se*, commenced a voluntary Chapter 13 bankruptcy case ("Petition Date").  Thereafter, on May 12, 2011, Laurelhart appeared through counsel, Howard S. Rosenberg, Esq. ("Attorney Rosenberg"), and filed

---

[1]    Ms. Peterson's amended complaint, AP-ECF No. 50, asserted four counts for relief against Laurelhart.  Summary Judgment previously entered regarding Counts One and Two of the Amended Complaint.  *See* AP-ECF No. 93.

[2]    References to docket entries of the adversary case number 15-2007 shall be made in the following format: "AP-ECF No. ___". References to docket entries of Ms. Peterson's Chapter 13 case number 10-23429 shall be made in the following format: "ECF No. ____."

2

a motion seeking relief from the automatic stay ("First Motion for Relief") to proceed with its State Court Foreclosures. ECF No. 108. The First Motion for Relief alleged that Ms. Peterson had failed to make post-petition payments. ECF No. 108. The hearing was marked "off" by the court on June 30, 2011, indicating it was no longer a pending motion having been withdrawn.

About six months later, in January of 2012, Laurelhart filed a second motion seeking relief from stay ("Second Motion for Relief") alleging that post-petition payments were not being made. ECF No. 147. Ms. Peterson objected to the Second Motion for Relief alleging that roof leaks caused by Laurelhart existed, and, as a result, she withheld the common charges due. ECF No. 152. Ms. Peterson also alleged that she made a payment of $1,624.00 to Laurelhart on January 8, 2012. ECF No. 152, P. 2. After a hearing, the court (Dabrowski, J.) granted the Second Motion for Relief by order dated March 20, 2012.[3] ECF No. 156.

Almost one year later, on March 8, 2013, the court confirmed Ms. Peterson's Fifth Amended Chapter 13 Plan ("5th Amended Plan"). ECF No. 247. The 5th Amended Plan provided for payment of an arrearage of $14,288.00, plus 5% interest to Laurelhart. ECF No. 245, P. 6; POC 16-1.

Prior to the confirmation of Ms. Peterson's 5th Amended Plan, in February of 2013, Laurelhart filed a third motion for relief ("Third Motion for Relief"), alleging that since June 2012, Ms. Peterson failed to pay post-petition monthly common charges. ECF No. 228. Ms. Peterson objected, again raising the issue that the leaking roof had not been repaired, and offering to escrow payments pending resolution. ECF No. 252. At the conclusion of

---

[3] The record is unclear and the court recognizes it cannot explain why this order entered granting relief from stay in light of the events that subsequently followed.

3

a hearing held on April 4, 2013, the court denied, without prejudice, the Third Motion for Relief as to Unit G-7 due to the continuing leaky roof issue. ECF No. 254 at 00:16:07 – 00:16:35[4]. As to Unit B-3, the parties resolved that part of the Third Motion for Relief by agreement, reporting that Ms. Peterson would re-commence making monthly condominium payments of $189.00 per month and would pay $2,329.00 to cure the arrearage. ECF No. 254 at 00:14:56 – 00:16:07.

Approximately a year and a half after the April 4, 2013 hearing, Laurelhart requested a hearing regarding its Third Motion for Relief alleging that all repairs had been made to Unit G-7 and that no post-petition payments on either Unit had been made since the April 4th hearing. ECF No. 303. After a hearing on October 16, 2014, the court (Dabrowski, J.) granted Laurelhart's Third Motion for Relief as to both Units B-3 and G-7. ECF No. 306. The court notes there is no audio record of this hearing available. Ms. Peterson has maintained she had inadequate notice of the hearing and did not appear.

## *INSTANT ADVERSARY PROCEEDING*

About three months after the court granted the Third Motion for Relief, on January 16, 2015, Ms. Peterson commenced this adversary proceeding against Laurelhart. AP-ECF No. 1. After the commencement of this adversary proceeding, on June 29, 2015, the court, issued an order in Ms. Peterson's Chapter 13 case re-imposing the automatic stay ("Order Reimposing Stay") as it applied to Laurelhart and the State Court Foreclosures. ECF No. 349. Approximately three months later, Ms. Peterson amended her complaint ("Complaint") in this adversary proceeding. AP-ECF No. 50. In considering

---

[4] The court reviewed the audio file of the hearings using VLC Media Player. All citations to the audio file of a hearing are to the ECF number of the recording and then to the location of the cited testimony as follows: ECF No. ___ at hours:minutes:seconds.

4

the Complaint, the court notes that, it is well-established that "*pro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005)("pro se litigants . . . cannot be expected to know all of the legal theories on which they might ultimately recover. It is enough that they allege that they were injured, and that their allegations can conceivably give rise to a viable claim.").

In Count One of her Complaint, Ms. Peterson requested the court enter an order determining Laurelhart's State Court Foreclosures moot due to payment by the Chapter 13 Trustee.[5] AP-ECF No. 50. In Count Two, Ms. Peterson sought an order restoring the automatic stay provided by 11 U.S.C. § 362(a) in her Chapter 13 case as it pertained to Laurelhart. AP-ECF No. 50. On July 7, 2017, the court granted summary judgment in favor of Laurelhart and dismissed Counts One and Two of Ms. Peterson's Complaint as moot.[6] AP-ECF No. 93.

Only Counts Three and Four remain pending. Count Three seeks injunctive relief asserting Laurelhart has knowingly caused harm by failing to properly repair the leaking roof of Ms. Peterson's Unit G-7. AP-ECF No. 50. Count Four is not a model of clarity. Considering the complaint broadly as it must, the court interprets Court Four as asserting a claim for damages from an alleged violation of the automatic stay pursuant to 11 U.S.C.

---

[5] The court notes that in March of 2017, Laurelhart withdrew both of its State Court Foreclosures against Ms. Peterson. *See* ECF No. 503, P. 8.

[6] On February 15, 2016, Laurelhart filed a separate motion for summary judgment as to Count One only. AP-ECF No. 56. The underlying issue – whether Ms. Peterson's payments to the Chapter 13 Trustee cured the pre-petition claim of Laurelhart – was addressed at length in the 2018 Relief Ruling discussed below.

5

§ 362(a) by Laurelhart.  AP-ECF No. 50.  Ms. Peterson alleges that Laurelhart provided false information to the Bankruptcy Court resulting in an order granting relief from the automatic stay entering that allowed Laurelhart to proceed with its State Court Foreclosures.  AP-ECF No. 50, ¶¶ 55-58.  Ms. Peterson alleges that it was improper for Laurelhart to obtain relief from the automatic stay and that proceeding with the State Court Foreclosures after the entry of the order constitutes a violation of the automatic stay.  AP-ECF No. 50, ¶¶ 55-58.

On November 6, 2015, Laurelhart filed an answer denying the substantive aspects of Ms. Peterson's allegations and asserting six affirmative defenses.  AP-ECF No. 51. Thereafter, on March 15, 2016, Laurelhart filed the instant Motion seeking summary judgment as to Counts Two, Three, and Four of the Complaint.[7]  AP-ECF No. 58.  Ms. Peterson objected to Laurelhart's Motion but failed to file a statement pursuant to D. Conn. L. Civ. R. 56(a)(2) containing separately-numbered paragraphs corresponding to Laurelhart's 56(a)(1) Statement and indicating whether she admits or denies the facts set forth by Laurehart.  AP-ECF No. 72.  Laurelhart's reply stated that the court should enter summary judgment because Ms. Peterson failed to comply with D. Conn. L. Civ. R. 56(a)(2) and had unclean hands resulting from her non-compliance with court orders and her failure to maintain regular condominium payments.  AP-ECF No. 74.

### *SUBSEQUENT EVENTS IN MAIN CHAPTER 13 CASE*

Following the entry of the Order Reimposing Stay, in November of 2015, Laurelhart filed a motion for relief from stay ("Fourth Motion for Relief") alleging that Ms. Peterson had failed to tender any payment since November 5, 2014.  ECF No. 383.  On March 2,

---

[7] As stated, the court granted summary judgment in favor of Laurelhart as to Count Two on July 7, 2017.  AP-ECF No. 93.

6

2018, after five days of oral argument and testimony, the court entered the 2018 Relief Ruling.  ECF No. 577.  The 2018 Relief Ruling determined that Ms. Peterson had cured Laurelhart's pre-petition claim in full but directed Ms. Peterson to pay Laurelhart a sum by a date certain, or the automatic stay would automatically terminate.  ECF No. 577.  On March 23, 2018, the court denied Ms. Peterson's motion for reconsideration of the 2018 Relief Ruling.  See ECF Nos. 585, 590.  Ms. Peterson did not appeal the 2018 Relief Ruling.  On May 8, 2018, Laurelhart filed a notice indicating that the automatic stay terminated because Ms. Peterson failed to tender payment as directed by the 2018 Relief Ruling.  ECF No. 617.

Recently, on June 6, 2018, the court issued an Order denying Ms. Peterson's motion entitled 'Motion for Extension of Time for Discharge' noting the expiration of the sixty (60) month term of her 5th Amended Plan and her lack of intent to make any additional Plan payments.  ECF No. 641.

## II.     SUMMARY JUDGMENT STANDARD

The principles governing the court's review of a motion for summary judgment are well established.  Summary judgment may be granted only if, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); Fed.R.Bankr.P. 7056.  The court's role at the summary judgment stage is to determine if there are material facts in dispute warranting a trial.  In the absence of disputed material facts, the court must determine if a party is entitled to judgment as a matter of law.  Of course,  the court must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a factfinder

7

to decide the case in favor of the opposing party.  In essence, a "judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014)(internal citations and quotations omitted).

**III.    DISCUSSION**

### *a. Ms. Peterson's Failure to Comply with D. Conn. L. Civ. R. 56(a)(2)*

Laurelhart asserts the court should deem all facts set forth in Laurelhart's 56(a)(1) Statement admitted because Ms. Peterson failed to comply with D.Conn.L.Civ.R. 56(a)(2).[8]  AP-ECF No. 74, P. 5.  Local Rule 56(a) supplements Fed.R.Civ.P. 56(c) by requiring statements of material fact from each party to a summary judgment motion. Specifically, D.Conn.L.Civ.R. 56(a)(2) requires a party opposing summary judgment to submit a 56(a)(2) Statement containing separately-numbered paragraphs corresponding to the movant's 56(a)(1) Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party.  Each admission or denial must include a citation to an affidavit or other admissible evidence.  In addition, the opposing party must submit a list of disputed factual issues.  *See* D.Conn.L.Civ.R. 56(a)(2) and 56(a)(3). "Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)1, or in the Court imposing sanctions, including … when the opponent fails to comply, an order granting the motion." D.Conn.L.Civ.R. 56(a)(3).  This District's Local Rules also require represented parties moving for summary judgment against *pro se* individuals to file and serve a "Notice to *Pro*

---

[8]    The court observes that Ms. Peterson knows how to file a Rule 56(a) Statement.  *See*, AP-ECF No. 64 in adversary proceeding case number 15-2008.

8

*Se* Litigant Opposing Motion for Summary Judgment." D.Conn.L.Civ.R. 56(b); See, AP-ECF No. 59.

Laurelhart complied by filing a 56(a)(1) Statement and sending the Notice to *Pro Se* Litigant, however Ms. Peterson failed to comply with these rules by neglecting to file a 56(a)(2) statement. Although Ms. Peterson's failure to comply with the Local Rules alone could form a basis to grant Laurelhart's motion, her memorandum in opposition will be considered.[9] However, all facts, properly supported by evidence, set forth in Laurelhart's 56(a)(1) statement are deemed admitted by Ms. Peterson for purposes of this Motion.[10]

### b. Injunctive Relief Unwarranted

In Count Three, Ms. Peterson seeks an injunction against Laurelhart pursuant to 11 U.S.C. § 541, prohibiting it from continuing with its State Court Foreclosures due to the alleged failure to repair a leaking roof in Unit G-7. AP-ECF No. 50. Injunctive Relief is unwarranted for several reasons. First, § 541 creates the bankruptcy estate and defines the scope of property included in the estate. 5 *Collier on Bankruptcy* ¶ 541.01 (16th). Section 541 does not form a statutory basis for injunctive relief.

Additionally, injunctive relief is unwarranted because Ms. Peterson has not demonstrated immediate or irreparable harm.[11] In opposition to Laurelhart's motion, Ms.

---

[9] The Second Circuit has indicated that courts have discretion in applying their local court rules. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (citation omitted); *see also Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 17 (2d Cir. 2015) (affirming a district court's denial of summary judgment based on failure to comply with court's local rules).

[10] "Fed.R.Civ.P. 56 does not impose an obligation on a [] court to perform an independent review of the record to find proof of a factual dispute." *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002).

[11] "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006). "A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3)

9

Peterson failed to submit admissible evidence contravening the Laurelhart's statement that repairs to Unit G-7 were completed by June 24, 2015. *Compare* ECF No. 58-2, ¶¶ 46-47 and ECF No. 72, P. 5. In light of the evidence that the repairs were completed, there is no need for an injunction to protect Unit G-7.

Lastly, but most importantly, even if Ms. Peterson was able to satisfy the requirements for an injunction, that request is moot.[12] Ms. Peterson's Chapter 13 Plan term expired on March 8, 2018 and no modification or enlargement of the term of the plan is possible. See 11 U.S.C. § 1329(c). There is a lack of necessity or purpose for an injunction to protect the assets of the bankruptcy estate when the plan term has expired and there will be no further distributions to creditors. Additionally, the court notes that the automatic stay pursuant to 11 U.S.C. § 362(a) terminated as to Unit G-7 by virtue of the 2018 Relief Ruling. The court concludes that it cannot fashion effective relief under these circumstances, and therefore, the request for an injunction is moot. Summary judgment, therefore, shall enter in favor of Laurelhart on Count Three.

### c. Count Four Fails

In Count Four, Ms. Peterson alleges that Laurelhart filed false or misleading information with the court to obtain relief from the automatic stay causing her harm. AP-ECF No. 50, ¶ 56. Additionally, Ms. Peterson alleges that Laurelhart violated the automatic stay by proceeding – after the entry of an Order granting relief from stay -- with its State Court Foreclosures. AP-ECF No. 50, ¶ 57-59. This Count fails for several

---

that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc.,* 547 U.S. at 391. Here, neither Ms. Peterson's Complaint nor documents she filed in opposition to summary judgment satisfy the four factors or demonstrate a material fact requiring a trial.

[12]    The court notes that Laurelhart withdrew its State Court Foreclosures and, thus, any request for an injunction to prevent Laurelhart from proceeding on its State Court Foreclosure is moot.

reasons. First, even if Laurelhart presented false information during the court's consideration of its Third Motion for Relief – as to which Ms. Peterson failed to submit admissible evidence of in her opposition to Laurelhart's summary judgment showing a genuine issue of material fact -- Ms. Peterson's remedy for the submission of false information was not to commence an adversary proceeding against Laurelhart, but to challenge the court's Order granting relief. However, Ms. Peterson did not request reconsideration or an order vacating the Order granting Laurelhart's Third Motion for Relief.

To the extent that Ms. Peterson alleges that Laurelhart violated the automatic stay by proceeding with its State Court Foreclosures, that claim fails as a matter of law. It is undisputed that the court granted Laurelhart's Third Motion for Relief. Despite Ms. Peterson's claim that Laurelhart obtained the Order improperly, it was nonetheless an order of the court granting relief from the automatic stay. Hence, Laurelhart was allowed to proceed with its State Court Foreclosure and no violation of the automatic stay can result from Laurelhart's conduct. Again, Ms. Peterson's remedy for alleged improprieties in the issuance of the Order was to seek the court reconsider or vacate its Order, not to commence an action for an alleged violation of the automatic stay against Laurelhart.

Additionally, the court notes that after the entry of the Order granting the Third Motion for Relief, on June 29, 2015, the court, *sua sponte*, re-imposed the stay as to Laurelhart. *See* Order Reimposing Stay, ECF No. 349. No judgment of foreclosure had entered in Laurelhart's State Court Foreclosures prior to the re-imposition of the stay. Further, no judgment ever entered because in March of 2017, Laurelhart withdrew its State Court Foreclosures. Ms. Peterson's opposition to summary judgment fails to

identify or provide any admissible evidence that Laurelhart provided false information to obtain relief from stay or that she suffered any harm from its actions. The court also notes that recently, in May of 2018, the stay terminated as to Laurelhart pursuant to the 2018 Relief Ruling. Under these circumstances, and in the absence of a genuine issue of material fact necessitating a trial, the court concludes that Count Four must fail and summary judgment shall enter in favor of Laurelhart.

### IV.   CONCLUSION

The court has considered all other arguments presented by Ms. Peterson in opposition to Laurelhart's motion for summary judgment and finds them meritless. For the reasons stated herein, it is hereby

ORDERED, that Laurelhart's motion for summary judgment, AP-ECF No. 58, regarding Counts Three and Four of Ms. Peterson's Complaint is GRANTED.

Dated on June 12, 2018, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut